
RECEIVED
OCT 17 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| To: | All Counsel of Record |
| Issued By: | Judge Rebecca F. Doherty |
| Subject: | William Lagnion vs. U S Oil Corp.<br>Civil Action No. 04-0711 |
| Date: | October 24, 2006 |

## MINUTES OF STATUS CONFERENCE

Oral Argument on the Motion for Summary Judgment [Doc. 63] and a status conference were conducted in open court on Tuesday, October 17, 2006 before the Honorable Rebecca F. Doherty. Appearances were made by Kay Karre' Gautreaux, on behalf of the plaintiff; and Stuart M. Simoneaud and Wade Trahan, on behalf of the defendant.

The parties stipulated as fact the following: (1) Mr. Lacassine had the right as lessee to plug and abandon the well; (2) Mr. Lacassine, by way of contract, gave his rights under that lease to plug and abandon the well [there is dispute as to whether those rights also included his rights to obtain attorneys fees and costs, related costs]; (3) the well was plugged and abandoned; (4) U.S. Oil did not plug and abandon the well; (5) Mr. Lagnion plugged and abandoned the well; and (6) U.S. Oil owes the cost of plugging and abandoning the well, whatever those costs are proven to be.

Counsel have agreed to meet in a conference room at the federal courthouse on November 6, 2006 to prepare a spreadsheet as to the work performed to plug and abandon the well. The spreadsheet is to lay out each amount that is alleged owed for each service provided, and what invoice or document plaintiff has to back it up. If no invoice or document exists, what deposition testimony of Mr. Lagnion or the contractors that provided the service (giving the page and line) shows that amount is owed, and what, if any witness, the plaintiff has to back up Mr. Lagnion's testimony that those services were, in fact, performed. If those contractors have not been deposed, the plaintiff is to provide the name, address, phone number, or contact information of the witness who will testify to that and the information they have which would address the services provided and the costs of those services. In addition to providing the contact information, counsel for plaintiff is to have these witnesses available by phone during the November 6, 2006 meeting, to the extent possible.

If there is a true evidentiary objection to any of the alleged amounts owed, counsel shall tag that entry with a footnote noting the objection and on what basis the objection is being made.

Additionally, as to each expenditure, the expenditure shall designate the well by name, for which the expenditure was made. If for example the expenditure was the Lacassane No. 1, it will be so noted. If it was the B-5, it will be so noted. Then to the extent that the plaintiff has evidence (documentary or oral testimony) that the Lacassane No. 1 is the same as the B-5 well, the spreadsheet will indicate the evidence supporting that contention.

For reasons more fully given on the record, the Motion for Summary Judgment [Doc. 63] was GRANTED as to the exemplary damages, and DENIED as to all others grounds as this Court finds there is a genuine issue of material fact.

For reasons more fully given on the record, the Motion in Limine [Doc. 71] filed by U.S. Oil Corp. is DENIED as premature. The denial of the motion is without prejudice to the defendants' right to re-assert its arguments.

The pre-trial conference and trial are CONTINUED. Dates for both are to be set upon completion of the noted spreadsheet by counsel contacting this Court. Counsel are to check in with this Court before they leave on November 6, 2006 to set a date for a status conference to set the trial date.